IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAINE PELZER,
    Plaintiff,
  v.  :  Case No. 3:11-cv-185-KRG-KAP
KEVIN SHEA and ROBERT REED,
    Defendants

## Report and Recommendation

### Recommendation

Defendants have filed a motion to dismiss. docket no. 9. It should be granted.

### Report

Plaintiff, an inmate at S.C.I. Houtzdale, filed a complaint alleging that a corrections officer, defendant Lieutenant Kevin Shea, and a hearing examiner, defendant Robert Reed, "retaliated" against him.

After Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003), the three elements of a retaliation claim are: (1) that the plaintiff took some action itself protected by the constitution; (2) that the defendant took adverse action against the plaintiff sufficient to deter a person of ordinary firmness from persisting in his conduct; and (3) that there was a causal connection between the plaintiff's protected conduct and the adverse action. If plaintiff produces evidence sufficient to establish a prima facie case, a defendant may still prove the affirmative defense that she "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir.2001).

Defendants assert, docket no. 9-2 Exhibit to Motion to Dismiss, that the misconduct plaintiff asserts was retaliatory was in fact upheld throughout the grievance process and has never been invalidated in court, for example in a petition for a writ of habeas corpus. Plaintiff agrees. docket no. 3, Complaint ¶V.F.2.

Given the uncontested state of the record, the allegedly retaliatory conduct consists in issuing a misconduct that was not overturned despite the availability of review at three levels of the administrative grievance system provided by the Pennsylvania Department of Corrections and never overturned in a direct challenge in court. Pelzer cannot disregard this and bring a collateral attack on the person issuing the misconduct (or in Reed's case, deliberating the evidence of misconduct). <u>Carter v. McGrady</u>, 292 F.3d 152, 159 (3d Cir.2002). In <u>Carter</u>, an inmate alleged that his disciplinary sanction was imposed in retaliation for his work as a jailhouse lawyer, but the appellate court concluded that, even assuming that an inmate had a constitutionally protected interest to assist other prisoners with legal matters, and that prison officials' disciplinary action against Carter was "motivated by hostility to this protected activity," Carter could not prevail in a retaliation claim because of his guilt of the charge underlying the disciplinary sanction. <u>Carter v. McGrady</u>'s rationale has been consistently applied in this circuit to require a **showing** that an allegedly retaliatory misconduct was factually

unsupported. Romansky v. Stickman, 147 Fed. Appx. 310, 312 (3d Cir.2005); Alexander v. Fritch, 396 Fed.Appx. 867, 873-74 (3d Cir.2010); Fortune v. Hamberger, 379 Fed.Appx. 116, 121 (3d Cir.2010).

Because Pelzer's misconduct citation has never been invalidated, he cannot overcome the affirmative defense that even if Shea had a retaliatory animus the sanction would have been imposed anyway. The complaint should be dismissed[1].

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 21 November 2011

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Caine Pelzer EZ-2913
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

---

1. Pelzer alleges that he is serving a 22-44 year sentence. His disciplinary sanction was 60 days in the RHU, well below the length of time the Court of Appeals has stated could be imposed without any notice or hearing whatsoever. It is questionable whether as a matter of law such a slight sanction can suffice as the second element of plaintiff's *prima facie* case. In light of the affirmative defense, I need not reach that issue.

3